UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**UNITED STATES OF AMERICA,**

    Plaintiff,

vs                                                    Case No: 08-20147

**BRENT JACKSON,**                           Honorable Victoria A. Roberts

    Defendant.

_____/

**OPINION AND ORDER**

**I.    INTRODUCTION**

This matter is before the Court for Sentencing. Defendant filed a Sentencing Memorandum, under Seal, on July 1, 2009. The matter was originally scheduled for sentencing on August 18, 2009, but was adjourned after the Court notified the parties that it disagreed with the guideline calculations in the Rule 11 and Pre-sentence Investigation Report ("PSIR"), and intended to apply a higher guideline range. The Court allowed Defendant to file a supplemental sentencing memorandum on the issue. Defendant filed a second Sentencing Memorandum on September 21, 2009. Defendant asks the Court to adopt the probation department's guideline calculations and impose a non-custodial sentence. The Government filed a Response.

**II.    BACKGROUND**

Defendant was charged with Count I - Possession of Five or More Identification Documents with Intent to Use Unlawfully, in violation of 18 U.S.C. § 1028(a)(3) and

Count II - Possession of Counterfeit Securities, in violation of 18 U.S.C. § 513(a). Defendant pled guilty to Possession of Counterfeit Securities, in violation of 18 U.S.C. § 513(a), pursuant to a Rule 11 Plea Agreement; Count II was dismissed.

In the Rule 11, Defendant admitted that on November 3, 2004, he possessed various counterfeit Michigan driver's licenses and counterfeit checks drawn on various accounts. Defendant used the licenses to cash the counterfeit checks at financial institutions and businesses. Agents seized counterfeit checks, IDs and other equipment and materials while executing a search warrant on Defendant's home.

### III.   ADVISORY GUIDELINES

#### A.  Probation

The Probation Department used the 2008 edition of the Guidelines Manual. The Probation Department calculates an initial base offense level of 6 under § 2B1.1(a)(2). With a 6-level upward adjustment under § 2B1.1(b)(10)(B)(I) and a 2-level downward adjustment under § 3E1.1(a) for acceptance of responsibility, Defendant's total offense level is 10. With 11 total criminal history points and a Criminal History Category V, the Probation Department calculates Defendant's guideline range at 21 to 27 months. The Probation Department recommends a sentence of 27 months. Neither Defendant, nor the Government filed objections to the PSIR.

#### B.  Rule 11

The Rule 11 contemplates a Criminal History Category IV and a guideline range of 15 to 21 months. The discrepancy between the PSIR and the Rule 11 is the result of additional convictions discovered by the probation department, which resulted in the

assessment of additional criminal history points and a Criminal History Category V.

The Rule 11 provides that if the Court finds that Defendant's criminal history category is higher than reflected on the attached worksheets, and results in a guideline range higher than 15-21 months, the higher guideline range becomes the agreed range.

### C.  Court's Calculation

#### 1.  Issue - Computing Criminal History Category – §§ 4A1.1, 4A1.2

U.S.S.G. § 1B1.11 says that the Court must use the guidelines manual in effect on the defendant's sentencing date, unless the Court determines that use of newer guidelines manual would violate the *ex post facto* clause of the Constitution.  This issue is implicated because of the lengthy delay in Defendant's prosecution; the crime was committed in 2004, but Defendant was not prosecuted until 2008.

In 2007,  the provisions for calculating criminal history category, U.S.S.G. § 4A1.2, were amended.  The previous version says:

> Prior sentences imposed in unrelated cases are to be counted separately. Prior sentences in related cases are to be treated as one sentence for purposes of § 4A1.1(a), (b), and (c).

U.S.S.G. § 4A1.2(a)(2) (2004).

> Application Note 3 defined "related" cases:
>
> Prior  sentences are not considered related if they were for offenses that were separated by an intervening arrest . . . . Otherwise, prior sentences are considered related if they resulted from offenses that (A) occurred on the same occasion, (B) were part of a single common scheme or plan, or (C) were consolidated for trial or sentencing. The court should be aware that there may be instances in which this definition is overly broad and will result in a criminal history score that underrepresents the seriousness of the defendant's criminal history and the danger he presents to the public.

U.S.S.G. § 4A1.2, comment. n.3 (2004).

The current version of § 4A1.2(a)(2) provides:

> If the defendant has multiple prior sentences, determine whether those sentences are counted separately or as a single sentence. Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense). If there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day. Count any prior sentence covered by (A) or (B) as a single sentence. See also § 4A1.1(f).
>
> For purposes of applying § 4A1.1(a), (b), and (c), if prior sentences are counted as a single sentence, use the longest sentence of imprisonment if concurrent sentences were imposed. If consecutive sentences were imposed, use the aggregate sentence of imprisonment.

Section 4A1.2, App. Note 1 defines "prior sentence" for criminal history determination purposes as:

> . . . A sentence imposed after the defendant's commencement of the instant offense, but prior to sentencing on the instant offense, is a prior sentence if it was for conduct other than conduct that was part of the instant offense. Conduct that is part of the instant offense means conduct that is relevant conduct to the instant offense under the provisions of § 1B1.3 (Relevant Conduct).

U.S.S.G. § 4A1.2, comment. n. 1.

After the FBI raid from which this conviction stems, Defendant committed several crimes for which he was prosecuted in state court:

1. Sentenced August 15, 2006 for Uttering and Publishing (Defendant wrote a fraudulent check for $99.44 to Kroger's grocery store on April 19, 2006 and was arrested on the same date) see ¶45;

2. Sentenced September 12, 2006 for Uttering and Publishing (2 counts) and Identity Theft (2 counts) (Defendant wrote two fraudulent checks, one for $500.00 on April 27, 2006 and another for $508.38 on July 31, 2006 to Advance Plumbing; he was arrested for all counts on August 7, 2006) see ¶48;

3. Sentenced on March 6, 2007 for Uttering and Publishing - Habitual 4th, Identity Theft - Habitual 4th (Defendant wrote a fraudulent check for $373.85 to Cauley Chevrolet on July 31, 2006 and was arrested on February 8, 2007) see ¶51;

4.       Sentenced on March 6, 2007 for Identity Theft - Habitual 4th (Defendant wrote a fraudulent check for $399.72 to Lowe's on April 13, 2006, using the name of a deceased man, and was arrested on February 8, 2007) see ¶54.

Probation considered these convictions conduct related to this offense and did not count them under § 4A1.2(a), but instead included the loss amounts as intended or attempted loss in determining Defendant's total offense level.  Probation considered these convictions related conduct because they occurred in the time period between the raid (Nov. 2004) and the indictment in this case (March 2008), and involved similar conduct.

The Court relied on *United States v. Martin*, 438 F.3d 621 (6th Cir. 2006) and *United States v. Irons*, 196 F.3d 634 (6th Cir. 1999) to determine whether Defendant's multiple prior convictions should be considered "related" for purposes of deciding how many criminal history points to assess under U.S.S.G. § 4A1.2(a)(2).  The Court determined that the probation department under-calculated Defendant's criminal history category, for the following reasons:

Defendant committed the state offenses after the FBI raid from which this conviction stems, but prior to his arrest and conviction on this offense.  (He was also sentenced and served time on the state offenses before this conviction).  Since the FBI confiscated Defendant's computer, blank check stock and other counterfeiting materials, fraudulent checks and IDs during the raid, Defendant obviously manufactured or otherwise obtained new counterfeit checks and IDs to commit the later state offenses.

The state offenses also differed from this offense in the type of conduct.  In this offense, Defendant merely possessed counterfeit securities; in the state offenses

Defendant actually used counterfeit checks to purchase goods and services. Accordingly, the state offenses were not part of this offense and instead are prior sentences. See *United States v. Talley,* 194 F.3d 758, (6th Cir. 1999) (sentence for crime committed after current offense is "prior sentence.")

Under the 2004 version of § 4A1.2, Defendant would receive the following additional points: 2 points for the conviction at ¶45, 3 points for the convictions at ¶48, 3 points for the convictions at ¶51, and 0 points for the conviction at ¶54. Added to the 8 points he receives at ¶¶ 39, 41 and 43, and the 3 points he receives under § 4A1.1(d) and § 4A1.1(e), Defendant has a total of 19 criminal history points.

Under the current version of § 4A1.2, Defendant would receive the following additional points: 2 points for the conviction at ¶45, 3 points for the convictions at ¶48, 3 points for the convictions at ¶51, and 0 points for the conviction at ¶54. Added to the 8 points he receives at ¶¶ 39, 41 and 43, and the 3 points he receives under § 4A1.1(d) and § 4A1.1(e), Defendant has a total of 19 criminal history points. Because the calculation is the same under the previous and current version of § 4A1.2(a)(2), there is no *ex post facto* clause violation and the 2008 Guidelines Manual applies.

### D. Defendant's Calculation

Defendant argues that *Martin* and *Irons* are old cases which addressed whether multiple prior convictions should be considered "related" for purposes of deciding how many criminal history points to assess under the pre-2007 version of U.S.S.G. § 4A1.2(a)(2). He contends his case involves a different question – the inclusion of Defendant's prior offenses in the total offense level guideline calculation as relevant conduct under U.S.S.G. § 1B1.3. Defendant cites *United States v. Wood*, 526 F.3d 82

(3rd Cir. 2008) for the proposition that the amended version of § 4A1.2(a)(2) removes the "relatedness" concept from consideration.

The defendant in *Wood* challenged the computation of his criminal history score based on the "relatedness" of certain prior convictions. He argued that because he was sentenced for three offenses on the same date, before the same judge, the offenses should be considered "consolidated" for sentencing purposes. During the appeal, the amended version of § 4A1.2(a)(2) was promulgated. The court considered whether to apply the amended version of § 4A1.2(a)(2) and concluded it should not be applied retroactively to Wood's sentence because it effected a substantive change. The court reasoned that the provision in effect at the time of Wood's sentencing distinguished between unrelated and related cases, and defined relatedness with respect to similarity in time, facts or judicial economy. The amended version contemplated that prior sentences would be considered as one, if the underlying offenses share the same charging instrument or were sentenced together on the same day.

Here, there were intervening arrests between each of the prior offenses. Section 4A1.1 requires the Court to calculate criminal history category by assessing points for all prior sentences for conduct other than the present offense. To determine whether conduct is part of the present offense, the Court must consider whether it is "relevant conduct" under § 1B1.3. To determine whether conduct is relevant conduct, the Court must consider whether it stemmed from "acts or omissions" that "occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for the offense." Even if the Court accepts the proposition that the amended version of § 4A1.2(a)(2) removes the

"relatedness" concept from consideration, both the current and pre-2007 version of § 4A1.2(a)(2) provide that prior sentences are to be counted separately if there is an intervening arrest. *Wood*, therefore, does not apply.

In *Martin*, the defendant challenged the district court's calculation of his criminal history category, arguing that four car thefts he committed in November and December of 2000 were "related" offenses for which only one criminal history point should have been assessed under the pre-2007 version of U.S.S.G. § 4A1.2(a)(2). The Sixth Circuit rejected his challenge because he did not show the four car thefts were jointly planned, or that the commission of one offense necessarily required the commission of the other three.

Similarly, in *Irons*, the defendant appealed his sentence for mailing threatening communications, arguing that his prior offenses for breaking and entering and violation of protective order, used in calculating his criminal history points, should have been considered "related" under the pre-2007 version of U.S.S.G. § 4A1.2(a)(2). The Sixth Circuit rejected his challenge and held the prior offenses were not part of a single common scheme or plan to harass his ex-girlfriend.

Although these cases deal with the pre-2007 version of U.S.S.G. § 4A1.2(a)(2), they are relevant because they establish that prior convictions must be considered in calculating criminal history points where they are not part of the present offense. Defendant's claim that his prior offenses should only be considered in the total offense level guideline calculation as relevant conduct under U.S.S.G. § 1B1.3 is incorrect.

U.S.S.G. § 1B1.3(a)(1)(A) defines "relevant conduct" as "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully

caused by the defendant . . . that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for the offense."  None of his prior offenses is applicable.

Defendant also argues that because the probation department used the prior convictions in determining Defendant's total offense level, they cannot be used to increase Defendant's criminal history category.

Defendant accurately states that prior convictions cannot be used to calculate total offense level and increase criminal history category; this would constitute impermissible double counting.  However, the probation department should have included the prior convictions in calculating Defendant's criminal history category and not in determining his total offense level.  This error was corrected by the Court's calculation.

### E.  Government's Calculation

The Government agrees that the guidelines were incorrectly calculated in the Rule 11 and the PSIR.  It also agrees that under U.S.S.G. §4A1.2, as amended in 2007, the Court's calculation is accurate.  Even assuming arguendo that the pre-2007 version of U.S.S.G. §4A1.2 applied because the offense occurred in 2004, the Government says the criminal history points would be added.

The Government cites *United States v. Oldham*, 13 Fed. Appx 221, 226-27 (6th Cir. 2001) (finding that a defendant's convictions for burglarizing homes within hours of each other were "unrelated"); *United States v. Irons*, 196 F.3d 634, 638 (6th Cir. 1999) (finding that the phrase "common scheme or plan" is one of intention, implying that offenses were jointly planned, or at least the commission of one entails the commission

of the other); *United States v. Alford*, 436 F.3d 677, 684 (6th Cir. 2006) (holding that two robberies committed within hours of each other were not part of a "common scheme or plan" when defendant did not originally plan to rob his second victim); *United States v. Horn*, 355 F.3d 610, 614-15 (6th Cir. 2004) (holding that prior convictions are not "related" simply because the crimes used the same modus operandi, were part of a crime spree, or shared the same motive); *United States v. Adams*, 25 F.3d 370, 372 (6th Cir. 1994) (holding that seven convictions were not "related" for purposes of calculating criminal history points, where defendant pled guilty and was sentenced for all on the same day, because the cases were not factually related, each proceeded under a separate docket number, and there were separate judgments); and *United States v. Carter*, 283 F.3d 755, 758 (6th Cir. 2002) (holding that prior cases were not "related," even though the state court entered judgments on defendant's multiple cases on the same day, because they were charged under separate indictments, carried different case numbers, were not consolidated for sentencing, and resulted in separate concurrent sentences) as support that each of the three prior convictions should be individually counted to calculate Defendant's criminal history points.

    **F. Conclusion**

    The Court's calculation is accurate. Defendant receives 8 additional criminal history points for the convictions at ¶¶ 45 (2 points), 48 (3 points) and 51 (3 points). Added to the 8 points he receives at ¶¶ 39, 41 and 43, and the 3 points he receives under § 4A1.1(d) (committing this offense while on parole) and § 4A1.1(e) (committing this offense less then two years after release from prison), Defendant has a total of 19 criminal history points and a Criminal History category VI. With an initial base offense

level of 6 under § 2B1.1(a)(2), a 6-level upward adjustment under § 2B1.1(b)(10)(B)(I), and a 2-level downward adjustment under § 3E1.1(a) for acceptance of responsibility, Defendant's total offense level is 10.  The guideline range is 24 to 30 months.

**IT IS ORDERED.**

                                                /s/ Victoria A. Roberts
                                                Victoria A. Roberts
                                                United States District Judge

Dated:  October 28, 2009

> The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on October 28, 2009.
>
> s/Linda Vertriest
> Deputy Clerk